UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JO ANNE GOURDEAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 13-12832-LTS |
| v. | ) | |
| | ) | |
| CITY OF NEWTON and NEWTON POLICE DEPARTMENT, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

ORDER

October 18, 2016

SOROKIN, J.

For the reasons that follow, the Court DENIES Plaintiff Jo Anne Gourdeau's Motion for entry of partial final judgment on her dismissed claims and for a stay of her remaining claim (Doc. 67).

I.  BACKGROUND

On October 24, 2013, Plaintiff, a Newton Police Department ("NPD") patrol officer, filed a Complaint in Massachusetts Superior Court against Defendants City of Newton and NPD. Doc. 1-3. Plaintiff alleges Defendants violated various laws in rejecting her application for an NPD position and in choosing a male candidate for the position instead. Doc. 1 at 2. The Complaint contains three counts, which respectively allege that Defendant (1) discriminated against Plaintiff on the basis of gender, in violation of Mass. Gen. Laws ch. 151B ("Chapter 151B"); (2) retaliated against Plaintiff for complaining of gender discrimination, in violation of

1

Chapter 151B; and (3) considered leave time that is protected by the Family and Medical Leave Act (FMLA) against Plaintiff, in violation of the FMLA, 29 U.S.C. §§ 2601-619.  Defendants removed the case to this Court and, after discovery, filed a motion for summary judgment on all counts.  Docs. 1, 37.

On August 2, 2016, Magistrate Judge Cabell issued a Report and Recommendation to allow summary judgment in favor of Defendants on the two Chapter 151B claims, and to deny summary judgment on the FMLA claim.  Doc. 61 at 1.  Plaintiff objected to the Report and Recommendation.  Doc. 63.  On September 16, 2016, the Court issued an Order accepting Magistrate Judge Cabell's Report and Recommendation and dismissing the Complaint's Chapter 151B claims.  Doc. 64 at 7.

On September 30, 2016, Plaintiff filed the instant Motion, requesting (1) "an order of separate and final judgment for the two" dismissed Chapter 151B claims, and (2) a stay of "the remaining [FMLA] claim."[1]  Doc. 67 at 1.  Plaintiff argues that "[b]oth parties will be prejudiced by the lack of finality if the entry of judgment is delayed, as Plaintiff desires to appeal the dismissed claims."  Id. at 2.  Plaintiff argues that a stay of the FMLA claim would serve the interest of "judicial economy" because the "material facts" supporting that claim "are inherently interrelated" to the facts supporting the Chapter 151B claims.  Id.  Plaintiff argues that it would be inefficient to litigate the FMLA claim because, if she is successful in appealing the dismissal of the Chapter 151B claims, then a second trial will have to occur "in which many of the same issues would be re-litigated and many of the same witnesses would have to appear in Court for a second time."  Id. at 3.  Plaintiff cites no authority to support any of her arguments.

On October 11, 2016, Defendant filed an opposition to the Motion.  Doc. 68.

---

[1] At one point in the Motion, Plaintiff erroneously states that she seeks "a stay of Counts I and II."  Doc. 67 at 2.

2

II.    DISCUSSION

"Ordinarily a judgment is final (and, thus, appealable under 28 U.S.C. § 1291) only if it conclusively determines all claims of all parties to the action." Nichols v. Cadle Co., 101 F.3d 1448, 1449 n.1 (1st Cir. 1996) (per curiam) (citation omitted). However, Federal Rule of Civil Procedure 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties," provided that "the court expressly determines that there is no just reason for delay." Fiorentino v. Rio Mar Associates LP, SE, 626 F.3d 648, 653 (1st Cir. 2010) (citation and internal quotation marks omitted). If a district court abuses its discretion in issuing Rule 54(b) certification, then the circuit court lacks appellate jurisdiction. Id. The First Circuit has "warned, time and again, that Rule 54(b) should be used sparingly," and that the district court "must explain the need for entering an earlier-than-usual judgment." Nichols, 101 F.3d at 1449.

In Nichols, the First Circuit held that the district court "improvidently granted" partial final judgment under Rule 54(b) on claims that it had dismissed on summary judgment. Id. In reaching that decision, the Court emphasized that that the "claims adjudicated on summary judgment and certified for appeal [were] inextricably intertwined with the claims left pending in the district court, and the parties to both sets of claims [were] precisely the same." Id. Plaintiff, apparently unaware of Nichols, argues that this Court should issue an order of partial final judgment on her dismissed Chapter 151B claims *because* they are intertwined – or, in her parlance, "inherently interrelated" – with her FMLA claim, and for the sake of "judicial economy." Doc. 67 at 2. Given the strong similarity between this case and Nichols, and given the absence of any authority stating that partial final judgment under Rule 54(b) is appropriate

merely because it might be more efficient, the Court denies Plaintiff's request for an order of partial final judgment on the dismissed Chapter 151B claims.

The Court's denial of Plaintiff's request for partial final judgment is effectively a denial of her request for interlocutory appeal.  Thus, there is no reason to stay Plaintiff's remaining FMLA claim pending such an appeal.

III.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for entry of a final appealable judgment on her dismissed claims and for a stay of her remaining claim (Doc. 67).

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge